IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES A. HENSON, JR. | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. RWT-12-3271 |
| CO/2 LAMBERT, et al., | * | |
| Defendants | * | |

***

# MEMORANDUM OPINION

Pending are Defendants CO II Jesse Lambert, CO II Nicholas Soltas, CO II Steven Miller, CO II Randolph Bennett, CO II Christopher Ortt, CO II Joshua Tart, and CO II Shawn Murray's Motion to Dismiss, or in the Alternative Motion for Summary Judgment and Plaintiff's responses thereto. ECF Nos. 32, 35-40.[1] Upon review of the papers filed, the court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011).[2]

---

[1] To the extent Plaintiff raises new claims regarding interference with his mail, religious materials, tampering with his food, and the like, in his Motions to Amend (ECF Nos. 10 & 14) and oppositions to the pending dispositive motion, those claims are not properly before the court and will not be considered here. If Plaintiff believes his civil rights have been violated in regard to these claims he is free to file new civil rights complaints. To the extent Plaintiff's Motions to Amend (ECF Nos. 10 & 14) supplement his original factual allegations the motions shall be granted. Those factual allegations have been considered by the court.

Plaintiff also filed "oppositions" and declarations opposing Defendants' then unfiled dispositive motion. *See* ECF Nos. 16, 18, 23-25. Despite the timing of the filings, the court has reviewed and considered the documents in ruling on the pending motions. Many of Plaintiff's filings contain allegations about issues not before the court and/or relate back to issues previously litigated in this court as well as issues arising during his criminal trial which he maintains was full of errors. The filings are rambling, inflammatory, and difficult to follow.

Plaintiff has also filed a "Motion for New Witness." ECF No. 17. The Motion shall be denied, but, the affidavit of inmate Najarred Walker, has also been considered by the court in ruling on the pending dispositive motion.

[2] Plaintiff's Motion for Production of Documents (ECF No. 22) shall be denied. Discovery may not commence before Defendants have answered or otherwise responded to the Complaint, and then only after a Scheduling Order has been issued by this court. *See* Local Rule 104.4 (D. Md.). Plaintiff's request was filed prior to Defendants' response to the Complaint. No scheduling order has been entered and for reasons that follow the case is subject to dismissal.

Plaintiff's Motion for Copy Work (ECF No. 34) shall also be denied. Copies of court records may be provided to an indigent litigant at government expense upon a showing by the litigant of a particularized need for the documents. *Jones v. Superintendent, Va. State Farm*, 460 F.2d 150, 152-53 (4th Cir. 1972). An indigent is not entitled to copies

## Background

Plaintiff alleges that on October 31, 2012, Lambert came to his cell and stated, "I'm thinking about moving you to cell B-#27 with another violent-dangerous gang member." Later that same day Ortt allegedly came to his cell and stated "I ought to set your black ass on fire with pepper spray anyway." ECF No. 1. Plaintiff states that prior to these incidents Lambert, Ortt, Bennett, Miller and Soltas told gang members on the housing unit that Plaintiff was a rapist and gave another inmate detailed account of Plaintiff's trial. Plaintiff states that this caused additional death threats to be made against him. Plaintiff reiterates his claim that in October, 2011 he was assaulted by another inmate, Roy Jenkins, and that the assault was "covered up."[3] Plaintiff does not seek monetary damages; rather, he asks that he be placed on protective custody and indefinitely transferred to an unspecified location. He also seeks a federal investigation on "racial abuse, corruption state sponsored murder for hire (maybe), into the NBCI (and) adjacent WCI, of the insurgent to reduce them to obedience...." *Id*.

---

merely to comb the record in the hope of discovering some error. *See United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963). Plaintiff has stated no reason for the pending motion and, having failed to articulate a particularized need, the request for copy work at the government's expense shall be denied. Plaintiff's suggestion that the cost for the copy work be billed against his prison account is not an available option. Plaintiff may make arrangements with the Clerk to pay for the copy work in advance of the court's producing it.

[3] Plaintiff previously filed suit regarding the assault as well as allegations concerning Defendants Wilson, Merling, Lark and Weber assigning him to a cell with Jenkins an alleged "professed racists." *See Henson v. Likin*, Civil Action No. RWT-11-2719. Defendants were granted summary judgment. Where there has been a final judgment on the merits in a prior suit; an identity of the cause of action in both the earlier and the later suit; and an identity of parties or their privies in the two suits, *res judicata* is established. *See Pension Ben. Guar. Corp. v. Beverley*, 404 F. 3d 243, 248 (4th Cir. 2005). The doctrine of *res judicata* precludes the assertion of a claim after a judgment on the merits in a prior suit by the same parties on the same cause of action. *See Meekins v. United Transp. Union*, 946 F. 2d 1054, 1057 (4th Cir. 1991). In addition, "'[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Id*., quoting *Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.*, 892 F. 2d 355, 359 (4th Cir. 1989).

Dale Smith is the manager of Housing Unit 1 at NBCI. ECF No. 32, Ex. 1. Smith avers that Plaintiff is double celled and has no problem with his current inmate. *Id*. Smith notes that the Division of Correction ("DOC") maintains records of all inmates known to be enemies of one another and before cell assignments are made the enemy list is checked to insure that cell mates are not known enemies. Smith avers that no inmate has ever been assigned to Plaintiff's cell if there was any indication of hostility between them. *Id*.

Housing Unit 1 is a segregation unit. While housed on disciplinary segregation, Plaintiff, like all other inmates so housed, never left his cell unless he was restrained with cuffs and escorted by correctional staff. Plaintiff takes recreation in a "rec cage" with only his cell-mate and showers alone and his meals are delivered to his cell. If he leaves his cell to go anywhere he is escorted by correctional staff. Smith avers that Plaintiff is housed in as safe an environment as is possible within a correctional facility. *Id*.

Soltas, Miller, Bennett, Ortt, Tart and Murray aver that they never discussed Plaintiff, or the nature of his conviction, or details of his criminal trial with other inmates. Each denies making the specific statements Plaintiff claims were made regarding his being a rapist. *Id*., Ex. B-G.

**Standard of Review**

A.  Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in

3

support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 1969. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

B.  Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all

4

inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

## Analysis

"[N]ot all undesirable behavior by state actors is unconstitutional." *Pink v. Lester*, 52 F.3d. 73, 75 (4th Cir. 1995). Verbal abuse of inmates by guards, including aggravating language, without more, states no constitutional claim. *See Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (sheriff laughed at inmate and threatened to hang him); *Blades v. Schuetzle*, 302 F.3d 801, 805 (8th Cir. 2002) (racial slurs); *Cole v. Cole*, 633 F.2d 1083, 1091 (4th Cir. 1980) (no harm alleged from claimed verbal harassment and abuse by police officer). The threats alleged in this case are not condoned by this court, but fall short of acts forbidden by the Fourth, the Fourteenth, or the Eighth Amendments. *See Pink v. Lester*, 52 F.3d 73, 75 (1995). Accordingly, Plaintiff's allegations that Defendants threatened him, called him a rapist, indicated he was afraid to come off of lock-up, or intimated they were going to assault him, without more, fail to state a claim.

To the extent Plaintiff seeks to raise a failure to protect claim under the Eighth Amendment, his claim fails. In order to prevail, Plaintiff must establish that the Defendants exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F. 2d 977, 979 (4th Cir. 1987). "Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 833– 34 (1994) (citations omitted). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate

humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id* at 837; *see also Rich v. Bruce*, 129 F. 3d 336, 339– 40 (4th Cir. 1997).

As noted by the Supreme Court in *Farmer*

> Prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners. Having incarcerated persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course. Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.

*Id.* at 833 (internal quotations and citations omitted). In a failure to protect claim, a prisoner must show, first, that the harm he suffered was objectively serious, and second, that prison officials acted with deliberate indifference. *Id.* at 834.

Plaintiff merely states that other inmates might have heard he was convicted of rape and this might cause him harm. He generally alleges that the making of the statements resulted in increased threats against him. Plaintiff's allegations of possible harm are speculative. To the extent that other inmates learned that Plaintiff was convicted of rape, nothing suggests Defendants incited other inmates to harm Plaintiff. Moreover, there is no evidence to support Plaintiff's assertions that correctional officers announced the nature of his crime and told other inmates that he is a rapist. Plaintiff's numerous requests and complaints almost invariably include a reference to the nature of his offense. It thus appears it is Plaintiff who publicizes the circumstances of his offense within the prison. Given Plaintiff's history of continual complaints

regarding his housing assignments and the absence of any objective evidence to support his claim that he is targeted, Plaintiff's claim simply cannot proceed. The Eighth Amendment claim for failure to protect from violence is belied by the record before this court.

Lastly, Plaintiff is not entitled to any of the injunctive relief he requests. In addition to the request for injunctive relief contained in his complaint, Plaintiff has also filed Motions for Preliminary Injunction. ECF Nos. 12 & 20. In the subsequently filed motions, Plaintiff alleges that the Cumberland City Police Department colluded with DOC staff and "certified gang members." Plaintiff complains generally of wide scale corruption and does not indicate what relief he seeks. ECF No. 12. In his second Motion for Injunctive Relief, Plaintiff asks that the court enter an order directing DOC staff permit him to visit medical providers and family members without being "verbally threatened." He also asks that the correctional staff be enjoined from placing him in cells with violent inmates and that they cease informing other inmates of the nature of Plaintiff's charges. ECF No. 20.

As a preliminary injunction temporarily affords an extraordinary remedy prior to trial than the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing" that he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-23 (2008); *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 292-93 (4th Cir. 2011). Plaintiff's requests for injunctive relief shall be denied, as he does not clearly establish that he would suffer immediate and irreparable injury, loss, or damage, if the relief requested is not provided.

Substantial deference is to be given to the judgment of prison administrators. *See Overton v. Bazzetta*, 539 U.S. 126, 132 (2003). This deference is at its greatest when prison order is at stake. *See In Re Long Term Administrative Segregation of Inmates Designated as Five Percenters,* 174 F.3d 464, 469 (2003). As noted above, the evidence demonstrates that Defendants believe Plaintiff is appropriately and safely housed and they deny advising other inmates of the nature of Plaintiff's crime. Plaintiff has failed to produce evidence that he is likely to suffer irreparable harm if this court does not order his transfer to another prison or to protective custody. Moreover it is not the province of this court to determine how a particular prison might be more beneficently operated: the expertise of prison officials must be given its due deference. *See Sandin v. Conner*, 515 U.S. 472, 482 (1995).

Similarly, Plaintiff's request that the court order a federal investigation is unavailable. The court does not have the authority to direct prosecutors to prosecute a crime or to investigate possible criminal charges. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *see also U.S. v. Derrick*, 163 F. 3d 799, 825 (4th Cir. 1998). Plaintiff is, therefore, not entitled to injunctive relief and his requests for same shall be denied.

**Conclusion**

For the aforementioned reasons, Defendants' Motion, construed as a motion for summary judgment, shall be granted. A separate Order follows.

August 1, 2013  /s/
Date  Roger W. Titus
United States District Judge